IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASMINE McDANIEL,** | : | **CIVIL NO. 1:CV-09-00276** |
| Plaintiff | : | |
| v. | : | |
| **THE CITY OF LEWISTOWN,** <br> **Mifflin County, Pennsylvania,** | : | |
| Defendant | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **JASMINE McDANIEL,** | : | **CIVIL NO. 1:CV-09-00563** |
| Plaintiff | : | |
| v. | : | |
| **THE CITY OF LEWISTOWN,** <br> **Mifflin County, Pennsylvania,** | : | |
| Defendant | : | |

## **M E M O R A N D U M and O R D E R**

The captioned cases are identical in all respects. Plaintiff filed case number 1:CV-09-00276 on February 12, 2009. Plaintiff then proceeded to file a duplicate copy of the summons and complaint in 1:CV-09-00276, along with the court's Standing Practice Order, in the Court of Common Pleas of Mifflin County, Pennsylvania, which was then stamped by the Prothonotary of Mifflin County and given Court of Common Pleas docket number CP-44-CV-248-2009. On March 27, 2009, Defendants filed a Notice of Removal to this court of the complaint filed in the Mifflin County Court of Common Pleas. That case was docketed by the clerk of court as 1:CV-09-00563. Defendants allege in their Notice of Removal that they

were not served with a copy of the case filed in the Mifflin County Court of Common Pleas, and only came across this filing by happenstance. Plaintiff has not contested the removal of the Mifflin County case to this court. Because the cases are identical in every respect, the court will consolidate them.

On March 13, 2009, in case number 1:CV-09-00276, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), and, in the alternative, a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendant filed the same motions in 1:CV-09-00576 on April 2, 2009. Along with its motions, Defendant filed a brief in support and numerous exhibits. The thrust of Defendant's argument is that even if Plaintiff's allegations are true, she sued the wrong entity because none of the actors who allegedly violated Plaintiff's Constitutional rights are employees of Defendant or are under the direction and control of Defendant. Defendant in essence argues that Plaintiff chose to sue the wrong municipality.

The court believes that Defendant's allegation may have merit, and believes that it is appropriate to consider information outside of the pleadings to dispose of Defendant's motion. Pursuant to Federal Rule of Civil Procedure 12(d), in deciding a motion brought pursuant to Rule 12(b)(6), "where matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . . [and] [a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, after the court consolidates these cases, the court will treat Defendant's motion to dismiss Plaintiff's complaint as a motion for summary

2

judgment under Rule 56, and allow the parties to submit additional briefing and evidence.

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT:**

1) The captioned actions are consolidated for all purposes;

2) The Clerk of Court is directed to consolidate Civil Action Numbers 1:CV-09-00276 and 1:CV-09-00563 into Civil Action Number 1:CV-09-00276 and close the file in 1:CV-09-00563;

3) All future documents filed in the consolidated action shall be filed under **Civil No. 1:CV-09-00276**, and shall contain the caption: **Jasmine McDaniel v. The City of Lewistown, Mifflin County, Pennsylvania**;

4) The court will treat Defendant's Motion to Dismiss, (1:CV-09-00276, Doc. 3), as a motion for summary judgment under Federal Rule of Civil Procedure 56;

5) By no later than July 6, 2009, Defendant shall submit a supplemental brief, a statement of material facts consistent with Local Rule 56.1, and any additional evidence that it wants the court to consider in support of its motion;

6) After receiving Defendant's supplemental brief, statement of facts, and any additional evidence submitted by Defendants, but in any event by no later than July 24, 2009, Plaintiff shall submit a supplemental brief in opposition to Defendant's motion, a response to Defendant's statement of material facts consistent with Local Rule 56.1, and any evidence that she wants the court to consider;

7) Defendant shall have until August 10, 2009 to submit a reply brief if it so desires;

8) In all of their submissions, the parties are to be mindful that they must comply with both Federal Rule of Civil Procedure 56 governing motions for summary judgment and Local Rule 56.1.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: June 19, 2009.