IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASMINE McDANIEL,** | : | **CIVIL NO. 1:CV-09-00276** |
| Plaintiff | : | |
| v. | : | |
| **THE CITY OF LEWISTOWN,** Mifflin County, Pennsylvania, | : | |
| Defendant | : | |

## **M E M O R A N D U M**

Before the court is Defendant's motion to dismiss, (Doc. 3), that was converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) by order dated June 19, 2009.[1] (Doc. 19.) The court's June 19, 2009 order permitted the parties an opportunity to supplement the record; they have done so, and this matter is now ripe for disposition. For the reasons that follow, the court will grant summary judgment to Defendant and against Plaintiff.

### I.     **Background**

In her complaint, Plaintiff asserts six counts against Defendant for various alleged violations of her constitutional rights and seeks an award of "OneMillion.5 Dollars" [sic] compensatory damages, and "One Million Dollars punitive and exemplary damages." (Doc. 1 at 4.) Plaintiff's complaint is not a model of clarity, and it is difficult to discern the factual basis of her claim for damages. However, Defendant has provided evidence that supplements Plaintiff's

---

[1]The court's June 19, 2009 order also consolidated the captioned case with an identical case between the same parties docketed at 1:CV-09-00563. Case number 1:CV-09-00563 is now closed, and the captioned matter is the only case between these parties in this court.

complaint, and fills in the gaps in Plaintiff's story.  Plaintiff has also filed a document titled "Supplemental Brief in Response to Defendant's Material Facts Rule 56 and Local Rule 56.1." (Doc. 22.)  The following facts are taken from these documents, and are construed in the light most favorable to Plaintiff.

### A. The parties

The crux of the dispute raised in Defendant's motion is that Plaintiff sued the wrong municipality, thus, the identities of the parties—especially Defendant—are unusually relevant in this case.  The pleadings and record before the court tell little of Plaintiff except that she is a 41 year old female.  Defendant, however, provides ample information regarding its identity.  In support of its motion for summary judgment, Defendant submitted an affidavit from David J. Frey, the secretary and borough manager of the Borough of Lewistown. (*See* Doc. 3-3.)  This affidavit is admissible pursuant to Federal Rule of Civil Procedure 56(e).

In her complaint, Plaintiff identifies Defendant as "the City of Lewistown," however, according to Mr. Frey no such municipality exists; rather, Defendant is actually a "borough" located in Mifflin County, Pennsylvania.  (Doc. 3-3, Def.'s Ex. B, David J. Frey Aff. ¶ 1.)  Furthermore, the Borough of Lewistown has not operated a police department since August 28, 1993, but instead obtains its police services from the Mifflin County Regional Police Department.  (*Id.* ¶ 3.) Neither the Borough of Lewistown nor the Mifflin County Regional Police Department has any control over the Granville Township Police Department, the Mifflin County Court of Common Pleas or its judges, Magisterial District Courts or its judges, state constables, or the Mifflin County Jail, all of whom are implicated in Plaintiff's complaint.  (*Id.* ¶¶ 4-8.)

### B. Plaintiff's arrest and state court proceedings

Plaintiff asserts that "The City of Lewistown falsely arrested, falsely imprisoned (3/31/2006 realeased [sic] 4/5/2006) illegally detained Ms. McDaniel, based on their own (rescheduled/reset) error and Judiciary misconduct, error, mistake, blunder, slip, lapse, negligence, judiciary misconduct." (Doc. 22, Pl.'s Supplemental Br. and Exs. ¶ 4.) Plaintiff then asserts that "[t]he City of Lewistown (repeated Judiciary misconduct, error, blunder, slip, lapse, misrepresentation, negligence (the error of judiciarymisconduct [sic]) waswithdrawn [sic] and vacated)." (*Id.* ¶ 6.) Although not citing any evidence to support her allegations, Plaintiff attached to her supplemental submission various documents. Many, if not all, of these documents are also included in Defendant's submission. (*See* Doc. 3-6.) From the parties submissions, the court gleans the following facts.

Plaintiff was stopped on December 11, 2005, by Granville Township police officer Craig Weston. (Doc. 3-6, Def.'s Ex. E, at 60.) A criminal complaint from that traffic stop was issued on January 3, 2006, charging Defendant with a misdemeanor of driving under the influence of alcohol or a controlled substance ("DUI"), and a summary offense of passing in a no passing zone. (*Id.* at 57-58.) On or about January 20, 2006, Plaintiff received a summons from state Magisterial District Judge ("MDJ") Jack Miller—Magisterial District Court No. 58-3-01—to appear at her DUI preliminary hearing on February 15, 2006. (Doc. 22, Pl.'s Supplemental Br. and Exs. at 17-18.) That case was docketed in the Magisterial District Court as CR-0000006-06. (*Id.*) Defendant apparently failed to appear for that hearing because an arrest warrant was issued by MDJ Miller on February 15, 2006. (Doc. 3-6, Def.'s Ex. E, at 62.) At some point, Plaintiff was arrested, and on

March 31, 2006, MDJ Miller set bail at $2500.00. (*Id.* at 6.) Bail was revoked by MDJ Miller that same day, and Plaintiff was remanded to the Mifflin County prison.[2] (Doc. 22, Pl.'s Supplemental Br. and Exs. at 19). Ultimately, Plaintiff posted bail on April 5, 2006 and was released from Mifflin County prison that day. (*Id.* at 21.)

In support of its motion, Defendant attached an affidavit by Christopher T. Gahagan, the Deputy Clerk of Court fo Mifflin County, Pennsylvania. (*See* Doc. 3-5, Def.'s Ex. D, at 2.) Mr. Gahagan attests that the only entry on the criminal dockets for the Court of Common Pleas of Mifflin County, under the name Jasmine McDaniel, for the time period of January 1, 1993 to and including March 12, 2009, is the case docketed as CP-44-CR-270-2006. (*Id.*) Defendant attached a certified copy of the docket sheet reflecting all docket entries for that criminal case. (*See* Doc.3-6, Def.'s Ex. E, at 2-74.) The cover page of the certified docket from CP-44-CR-270-2006 reflects that it is the same case as the lower court docket number CR-0000006-06 before MDJ Miller. Because the entirety of Plaintiff's case concerns the events that took place resulting from her arrest in this case, the court will refer to the certified docket for the additional relevant facts.

After proceedings in the lower court, an information was filed with the Mifflin County Court of Common Pleas on June 6, 2006. (Doc. 3-6, Def.'s Ex. E, at 9.) Plaintiff was represented in her proceedings before the Magisterial District Court and before the Court of Common Pleas by Attorney John McCullough. (Doc. 22 Pl.'s Supplemental Br. and Exs. at 23.) On July 11, 2006, Plaintiff pled guilty to

---

[2]It is unclear from the record whether bail was revoked or Plaintiff simply could not post bail immediately. The court uses the term "revoked" because this is the term chosen by MDJ Miller on his March 31, 2006 commitment form. (*See* Doc. 22, Pl.'s Supplemental Br. and Exs. at 19.)

4

the DUI charge and the summary charge was dismissed. (Doc. 3-6, Def.'s Ex. E, at 9.) Later however, with the assistance of another attorney—Robert Berry, Esquire—Plaintiff filed a motion to withdraw her guilty plea. (*Id.* at 10.) The Mifflin County Court of Common Pleas granted Plaintiff's motion to withdraw her guilty plea on March 1, 2007. (*Id.* at 34.) Thereafter, Plaintiff entered another guilty plea on September 19, 2008, and was sentenced to a term of imprisonment of seventy-two hours to six months with credit for nine days served. (*Id.* at 23.) No other facts are material to the disposition of Defendant's motion.

### C. Procedural History

On February 12, 2009, Plaintiff filed the captioned matter with this court. Plaintiff then filed a duplicate copy of the summons and complaint in this case along with the court's Standing Practice Order, in the Court of Common Pleas of Mifflin County, Pennsylvania, which was then stamped by the Prothonotary of Mifflin County and given a Court of Common Pleas docket number CP-44-CV-248-2009. On March 27, 2009, Defendant filed a Notice of Removal to this court of the complaint filed in the Mifflin County Court of Common Pleas. That case was docketed by the clerk of court as 1:CV-09-00563.

On March 13, 2009, in case number 1:CV-09-00276, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), and, in the alternative, a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 3.) Defendant filed the same motions in 1:CV-09-00576 on April 2, 2009. Along with its motions, Defendant filed a brief in support and numerous exhibits.

5

By order dated June 19, 2009, the court consolidated Civil Action Numbers 1:CV-09-00276 and 1:CV-09-00563 into 1:CV-09-00276 and closed 1:09-00563. (Doc. 19.) In that same order, the court converted Defendant's motion to dismiss to a motion for summary judgment and, pursuant to Federal Rule of Civil Procedure 12(d), permitted the parties an opportunity to supplement the record. On July 5, 2009, Defendant filed its supplemental brief in support of its motion, along with a statement of material facts. (Docs. 20-21.) On July 23, 2009, Plaintiff filed her answer to Defendant's statement of material facts and supplemental argument. (Doc. 22.). Finally, on August 10, 2009, Defendant filed its reply brief. (Doc. 23.) Defendant's motion is now ripe for disposition by the court.

**II.        Legal Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.     Discussion

The premise of Defendant's motion is simple: even if everything Plaintiff says is true, and even if it states a cause of action, Plaintiff sued the wrong entity. A review of the undisputed facts shows that Defendant is correct. Plaintiff alleges that she was arrested, twice falsely imprisoned, railroaded through the Mifflin County criminal justice system, and ultimately wrongfully convicted of a DUI. Even if all of this is true—and this court passes no judgment on the actual merits of Plaintiff's claims—it is clear that Plaintiff chose to sue the wrong entity.

The undisputed facts demonstrate that the only criminal case and incarceration involving Plaintiff in Mifflin County, Pennsylvania, resulted from the DUI arrest and subsequent judicial proceedings docketed in the Mifflin County Court of Common Pleas at Docket No. CP-44-CR-270-2006. Plaintiff has come forward with no evidence rebutting that this is the arrest and judicial proceedings at issue in this case. A review of those proceedings makes it clear that Plaintiff's claims as to *this* Defendant fail as a matter of law.

The officer who arrested Plaintiff—patrolman Craig Weston—is an officer employed by the Granville Township Police Department. (*See* Doc. 3-6, Def.'s Ex. E, at 57.) Defendant submitted admissible evidence by way of an affidavit by the Borough of Lewistown's manager that Lewistown is in no way affiliated with the Granville Township Police Department or Granville Township itself. (*Id.*, Def.'s Ex. A, at 2 ¶ 4.) Furthermore, this court takes judicial notice of the fact that Granville Township, Mifflin County, Pennsylvania, is a separate political subdivision from the Borough of Lewistown, Mifflin County, Pennsylvania. *See* Fed. R. Evid. 201(b). Given that the arresting officer had no affiliation with Defendant, none of his actions can be imputed to Defendant.

Additionally, the offices of Common Pleas Judge and Magisterial District Judge are state offices established under Article V of the Constitution of the Commonwealth of Pennsylvania, and these judicial officers perform their duties in accordance with the Pennsylvania Judicial Code, 42 Pa. Cons. Stat. Ann. § 101 *et seq.* The court takes judicial notice of the fact that Defendant, as a municipal borough, does not employ, direct, compensate or control either Common Pleas Court Judges or Magisterial District Judges. *See* Fed. R. Evid. 201. The same can be said

for all of the other potential actors who had any dealing with Plaintiff in her arrest, incarceration, conviction by guilty plea, or sentence. Defendant has produced ample evidence that it played no role, either directly or indirectly, in any of the events giving rise to any of the allegations contained in Plaintiff's complaint

In response to Defendant's evidence, Plaintiff has simply stated that "DEFENDANT IS WRONG[]," "LEWISTOWN (Mifflin County)PENNSYLVANIA (sic) IS ULTIMATELY RESPONSIBLE[]," and "THE DEFENDANT'S CONTENTION HAS NO MERIT!" (Doc.18, Br. in Opp. to Def.'s Mot. to Dismiss at 2.) Fatally, Plaintiff provides no evidence in support of these contentions. It is not enough for Plaintiff to say that Defendant is wrong; she must come forward with evidence, that if believed by a jury, demonstrates that Defendant is wrong. The court converted Defendant's originally filed motion to dismiss to a motion for summary judgment and provided Plaintiff with an opportunity to supplement the record. Plaintiff has submitted no evidence that contradicts the evidence provided by Defendant. To the contrary, the documents attached to Plaintiff's supplemental submission corroborate Defendant's position that it had nothing to do with the events giving rise to Plaintiff's complaint. (*See* Doc. 22, Pl.'s Supplemental Br. and Exs. at 6-36.) Plaintiff has failed to produce evidence showing that Defendant—whether it be "The City of Lewistown" or the Borough of Lewistown—had anything to do with the harm she alleges.

Because all of Plaintiff's claims concern her arrest, incarceration, and the judicial proceedings connected to Mifflin County Court of Common Pleas docket number CP-44-CR-270-2006, and because Defendant played no role at any stage—from arrest to sentencing and incarceration—of those proceedings, the court

9

will grant Defendant's motion for summary judgment on all counts in Plaintiff's complaint. Where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial"— such as whether the Defendant is liable—summary judgment is required. *See Celotex*, 477 U.S. at 322-23. Such is the case here.

**IV.** <u>**Conclusion**</u>

         Consistent with the foregoing, the court will grant Defendant's motion to dismiss, (Doc. 3), that was converted by the court to a motion for summary judgment. An appropriate order will be issued.

<u>S/Sylvia H. Rambo</u>
United States District Judge

Dated: September 16, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASMINE McDANIEL,** | : | **CIVIL NO. 1:CV-09-00276** |
| Plaintiff | : | |
| v. | : | |
| **THE CITY OF LEWISTOWN,** <br> **Mifflin County, Pennsylvania,** | : | |
| Defendant | : | |

# <u>O R D E R</u>

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss Plaintiff's complaint, (Doc. 3), converted to a motion for summary judgment by order dated June 19, 2009, is **GRANTED**. The clerk of court shall enter judgment for Defendant and against Plaintiff and close the case.

S/Sylvia H. Rambo
United States District Judge

Dated: September 16, 2009.